Filed 3/8/23  P. v. Bess CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RICHARD LEE BESS,<br><br>    Defendant and Appellant. | H048744<br>(Santa Clara County<br>Super. Ct. Nos. B2000478 &<br>C1919395) |

Defendant Richard Lee Bess was sentenced to 11 years 8 months in prison after he pleaded no contest to, among other things, multiple counts of robbery and identity theft related to crimes that occurred in 2019.  Defendant contends on appeal that he is entitled to resentencing under recent amendments to Penal Code section 1170, subdivision (b).  We will remand for resentencing.

## I.    TRIAL COURT PROCEEDINGS

Defendant's negotiated disposition resolved two cases (whose underlying facts are not directly relevant to the issue raised on appeal).  In case No. C1919395, defendant was charged with five counts of second degree robbery (Pen. Code, § 212.5, subd. (c), counts A1, A4, A7, A8 & A10; unspecified statutory references are to the Penal Code); two counts of second degree burglary (§ 460, subd. (b), counts A2 & A5); four counts of using personal identifying information without authorization (§ 530.5, subd. (a), counts A3, A6, A9 & A11); and misdemeanor counts of possessing personal identifying information with intent to defraud (§ 530.5, subd. (c)(1), count A12); driving with a

suspended license (Veh. Code § 14601.2, subd. (a), count A13); and misuse of a disabled person placard (Veh. Code § 4461, subd. (c), count A14). The complaint alleged defendant personally used a firearm in counts A1 and A4 (§ 12022.53, subd. (b)) and personally used a deadly or dangerous weapon in count A10 (§ 12022, subd. (b)(1)). The complaint also alleged defendant was on bail when he committed counts A1 through A7 (§ 12022.1, subd. (b)).

In case No. B2000478, defendant was charged with second degree burglary (§ 460, subd. (b), count B1); using personal identifying information without authorization (§ 530.5, subd. (a), count B2); and using an altered, stolen, or counterfeit access card to commit grand theft (§ 484g, subd. (a), count B3). In that case also, the complaint alleged that defendant was on bail when he committed the charged offenses (§ 12022.1, subd. (b)).

Defendant pleaded no contest as to all counts and admitted the on bail enhancement in exchange for a sentence not to exceed 12 years. The trial court sentenced defendant to 11 years 8 months on the felony convictions (with sentences on the misdemeanors deemed served). The sentence included "the upper term of five years" on count A1 and "a concurrent upper term of three years" on each of counts A3, A6, A9, B2, and B3. The remaining enhancements in case No. C1919395 were dismissed on the prosecution's motion.

## II.   DISCUSSION

Defendant argues the judgment must be reversed and the matter remanded for resentencing so that he can receive the benefit of recent amendments to section 1170. The Attorney General agrees defendant is entitled to the benefit of those amendments under the reasoning of *In re Estrada* (1965) 63 Cal.2d 740, but argues reversal is not required because any error was harmless.

When defendant was sentenced in 2020, trial courts had broad discretion under section 1170, subdivision (b) to select the "appropriate term" for offenses having a

2

prescribed sentencing triad.  (Former § 1170, subd. (b); Stats. 2018, ch. 1001, § 1.)
Under amendments to that section effective January 1, 2022, trial courts are now
generally required to select the middle term (§ 1170, subd. (b)(1)) and may impose an
upper term "only when there are circumstances in aggravation of the crime that justify the
imposition of a term of imprisonment exceeding the middle term, and the facts
underlying those circumstances have been stipulated to by the defendant, or have been
found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."
(§ 1170, subd. (b)(2).)  A trial court may consider "defendant's prior convictions in
determining sentencing based on a certified record of conviction without submitting the
prior convictions to a jury."  (§ 1170, subd. (b)(3).)

The trial court identified numerous aggravating factors, including that:  "the
crimes involved great violence" and "a threat of great bodily harm and callousness"
because defendant "used a firearm in some of the offenses and he also assaulted a victim
with a tire iron"; defendant's "offenses involved some planning, given the manner in
which they were carried out"; one of the crimes involved defendant "taking advantage of
an apparent position of trust in that he posed as a police officer in order to subdue and
gain control of that particular victim"; defendant had "served a prior prison term";
defendant's "violations are numerous"; defendant's "conduct in these cases demonstrates
that he is a serious threat to the public"; and defendant's "history demonstrates a
continued victimization of others over a span of many years."  The trial court also
identified one factor in mitigation:  that defendant "accepted responsibility early in the
course of these proceedings."  As the parties note, not all of the aggravating factors cited
by the trial court were stipulated to by defendant or found true beyond a reasonable doubt
by a factfinder.  But appellate courts are divided on the prejudice standard that applies in
this context.  (See *People v. Flores* (2022) 75 Cal.App.5th 495 (*Flores*); *People v. Lopez*
(2022) 78 Cal.App.5th 459 (*Lopez*); *People v. Dunn* (2022) 81 Cal.App.5th 394, rev.
granted Oct. 12, 2022, S275655 (*Dunn*).)

The *Flores* court held that such an error is harmless so long as even one of the aggravating factors relied on by the trial court was proven beyond a reasonable doubt or by stipulation, or would have unquestionably been found true beyond a reasonable doubt by a jury. (*Flores*, *supra*, 75 Cal.App.5th at pp. 500–501.) The *Lopez* court rejected *Flores*, asking first whether a jury would unquestionably have found all aggravating factors relied on true beyond a reasonable doubt, and if not, then whether it is reasonably probable that a lesser sentence would have been imposed had the sentencing court considered only the aggravating factors that would have unquestionably been found true beyond a reasonable doubt. (*Lopez*, *supra*, 78 Cal.App.5th at p. 467, fn. 11.) The *Dunn* court found a middle ground between *Flores* and *Lopez*; it adopted the two-step approach of *Lopez*, but held that only one of the identified aggravating factors need satisfy the reasonable doubt standard, and any other factors relied upon could be analyzed under the reasonable probability standard. (*Dunn*, *supra*, 81 Cal.App.5th at pp. 405–410.)

Common to all three approaches is first asking whether at least one aggravating factor was proven beyond a reasonable doubt or by stipulation, or would have unquestionably been found true beyond a reasonable doubt. Here defendant pleaded no contest to numerous offenses committed over multiple months, including five counts of robbery, a violent felony. (§ 667.5, subd. (c)(9).) Those convictions support a finding that he "has engaged in violent conduct that indicates a serious danger to society." (Cal. Rules of Court, rule 4.421(b)(1).) Although a single aggravating factor can support an upper term (*People v. Osband* (1996) 13 Cal.4th 622, 728), and that factor was permissibly considered under amended section 1170, it was not the only factor cited by the trial court. Because we are unpersuaded by the reasoning of *Flores*, we will proceed to consider the other factors relied upon, as called for in *Lopez* and *Dunn*. The *Lopez* court would analyze the remaining factors under the prejudice standard of *Chapman v. California* (1967) 386 U.S. 18, while the *Dunn* court would apply the standard of *People v. Watson* (1956) 46 Cal.2d 818 (*Watson*). We need not decide that question here

4

because we conclude the error was prejudicial under even the more lenient *Watson* standard, as we will discuss below.

The cited factors based on defendant's criminal history were supported only by the probation report. Although a trial court may consider a "defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury" (§ 1170, subd. (b)(3)), that exception does not extend to the contents of extrarecord materials such as probation reports. (See *People v. Zabelle* (2022) 80 Cal.App.5th 1098, 1114 (*Zabelle*).) We will not presume the existence of extrarecord materials, nor that a factfinder would have found the contents of such materials true beyond a reasonable doubt.

The remaining factors relied on by the trial court were that defendant's crimes involved great violence, threat of great bodily harm, and callousness (Cal. Rules of Court, rule 4.421(a)(1)); the manner in which the crimes were carried out indicated planning (Cal. Rules of Court, rule 4.421(a)(8)); and defendant took advantage of a position of trust or confidence to commit the offenses (Cal. Rules of Court, rule 4.421(a)(11)). Given the subjectivity inherent in those factors, it is difficult to "conclude with confidence that, had the issue[s] been submitted to the jury, the jury would have assessed the facts in the same manner as did the trial court." (*People v. Sandoval* (2007) 41 Cal.4th 825, 840.) Nor can we "be confident that the factual record would have been the same had aggravating circumstances been charged and tried to the jury." (*Ibid.*; see *People v. French* (2008) 43 Cal.4th 36, 54 ["When a defendant pleads guilty or no contest, … the record generally does not contain a full presentation of evidence concerning the circumstances of the offense."].) The result satisfies even the *Watson* standard for prejudice, as we see a reasonable probability that a jury may not have found those particular circumstances true beyond a reasonable doubt.

The Attorney General suggests that an additional aggravating factor was present because consecutive sentences could have been imposed for the multiple identity theft

convictions, even though defendant was sentenced concurrently. While that may be a proper and less subjective factor in aggravation (Cal. Rules of Court, rule 4.421(a)(7)), it was not among the factors specifically cited by the trial court and we will not speculate about its possible effect.

The final step in our prejudice analysis is to consider the likelihood that the trial court would have imposed a lesser sentence had it considered only the single aggravating factor supported by defendant's no contest pleas. As *Lopez* explained, the question "is whether a reviewing court can be certain, to the degree required by [*Watson*], that the trial court would nevertheless have exercised its discretion to select the upper term if it had recognized that it could permissibly rely on only a single one of the aggravating factors[.]" (*Lopez*, *supra*, 78 Cal.App.5th at p. 467, fn. 11.) Reversal is appropriate where a trial court relied on both permissible and impermissible factors, and did not describe giving "particular weight to any of its listed aggravating circumstances" or "indicate whether its decision to impose the upper term was (or was not) a close call." (*Zabelle*, *supra*, 80 Cal.App.5th at p. 1115; see *People v. Avalos* (1984) 37 Cal.3d 216, 233 [appellate court must "reverse where it cannot determine whether the improper factor was determinative for the sentencing court"].) We conclude that a lesser sentence was reasonably probable had the trial court considered only the single aggravating factor. The court selected the upper term based on numerous aggravating factors of unspecified weight and it also identified early resolution as a mitigating factor.

On remand, the prosecution may accept resentencing on the current record or seek to prove any aggravating circumstances beyond a reasonable doubt. Under the full resentencing rule, the trial court may then revisit all of its previous sentencing decisions (*People v. Valenzuela* (2019) 7 Cal.5th 415, 424–425), provided the new sentence is consistent with both amended section 1170 and the plea agreement.

### III.  DISPOSITION

The judgment is reversed.  On remand, the prosecution may elect to proceed by meeting the requirements of section 1170, subdivision (b)(2) regarding aggravating circumstances or may elect to proceed on the current record.  After the prosecution makes that election, the trial court shall resentence defendant according to amended section 1170.

_____

Grover, J.

**WE CONCUR:**

_____

Greenwood, P. J.

_____

Lie, J.

**H048744**
*The People v. Bess*